TYLER & BURSCH, LLP
Robert H. Tyler, State Bar No. 179572
rtyler@tylerbursch.com
Jennifer L. Bursch, State Bar No. 245512
jbursch@tylerbursch.com
Nada N. Higuera, State Bar No. 299819
nhiguera@tylerbursch.com
Murrieta, California 92562
Telephone: (951) 600-2733
Facsimile: (951) 600-4996

Attorneys for James Domen, and Church United
a California not-for-profit corporation

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES DOMEN, an individual; and CHURCH UNITED, a California not-for-profit corporation<br><br>Plaintiffs,<br><br>v.<br><br>VIMEO, INC., a Delaware for-profit corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**PLAINTIFFS JAMES DOMEN AND CHURCH UNITED'S COMPLAINT**<br><br>1. **Free Speech Claim under Article 1 § 2 of the California Constitution;**<br>2. **Free Speech Claim under Amendment I to the United States Constitution;**<br>3. **Unruh Act Claim under California Civil Code § 51, *et seq.*).**<br><br>***[Jury Trial Demanded]*** |

Plaintiffs James Domen and Church United, a California not-for-profit corporation, and (collectively referred to herein as, "Plaintiffs"), by and through their attorneys, bring this complaint for damages and equitable relief against Defendant Vimeo, Inc. ("Defendant"), a Delaware for-profit corporation.

Plaintiffs assert that Defendant violated California law by restraining Plaintiffs' speech and expression in violation of Article One, Section 2 of the California Constitution (the "Liberty of Speech Clause") and by discriminating against Plaintiffs based on religious, sexual orientation, or other discriminatory animus in violation of

the *Unruh Civil Rights Act,* section 51, et seq. of the *California Civil Code* (the "Unruh Act").

**JURISDICTION AND VENUE**

1. This court has complete subject matter jurisdiction over this matter based on diversity under *28 U.S.C.* section 1332(a) (1). This suit involves a controversy between citizens of two different states and exceeds the jurisdictional amount of $75,000, exclusive of costs and interest.

2. At all relevant times, Plaintiffs resided in Orange County, State of California, and Defendant was headquartered in New York.

3. Defendant intentionally conducts business in the State of California, intentionally avails itself to the California market, and should expect to be hailed into court in California based on its substantial connections with the state. Because Defendant intentionally avails itself to the benefits of conducting business in California, this court's exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice.

4. The causes of action asserted are governed by the California Constitution, the United States Constitution, and California law.

5. Defendant's liability arose in Orange County, the wrongful acts occurred in Orange County, and each cause of action set forth herein arose in Orange County.

6. Venue is proper in the United States District Court for the Central District of California because the events, acts, or omissions at issue in this matter occurred therein.

**PARTIES**

**Plaintiffs**

***Church United***

7. Church United is organized as a California non-profit Religious Corporation.

8. Church United was founded in 1994.

9. Church United's mission is to equip pastors to positively impact the political and moral culture in their communities. Church United currently has over 750 affiliated pastors.

10. Church United's primary strategy is to equip pastors as culture-changers by sending them to Washington, D.C. and Sacramento, California for "Awakening Tours," and to pray with government leaders.

11. "Awakening Tours" focus on the spiritual heritage of the United States and California with nationally-known speakers, including elected officials (U.S. senators, congress members, state senators, and assembly members) who vote to support a biblical worldview.

12. Church United aids pastors in advocating for public policy based on a biblical worldview. Church United advocates for biblical worldviews by informing pastors about legislation and public policy issues.

13. Church United and its affiliated pastors desire to positively impact the State of California and the nation with hope and to preserve their individual rights as pastors to exercise their faith without unlawful infringement.

***James Domen***

14. James Domen is the President and Founder of Church United. He is a pastor and has a masters of divinity degree.

15. James Domen's personal history shapes his role as a pastor and leader of Church United.

16. For three years, James Domen was a homosexual. However, because of his desire to pursue his faith in Christianity, he began to identify as a former homosexual.

17. In July 2009, James Domen married his wife. Together, they have three biological children.

18. James Domen is like many others in California who were formerly homosexual but now identify as heterosexual.

19. James Domen bases his identity on his life as a Christian husband, father, and leader in ministry.

20. James Domen served on staff as a pastor at a church for several years. His service in the church was extremely fulfilling to his life and his identity as a Christian man.

21. Through Church United, he shares his experience with other pastors and helps pastors counsel others that are on their own journey toward a heterosexual identity through a biblical perspective and a Christian worldview.

**Defendants**

***Vimeo, Inc.***

22. Vimeo is a Delaware for-profit corporation.

23. Vimeo is headquartered in the state of New York.

24. Vimeo was founded in 2004.

25. Vimeo is a video-sharing website. It allows users to upload, view, share, and comment on videos. Available content includes video clips, music videos, short and documentary films, live streams, and other content such as video blogging and educational videos.

26. Vimeo's website boasts that it is home to more than 90,000,000 video creators worldwide.

27. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 25, inclusive, are presently unknown to Plaintiffs, and for that reason these defendants are sued by such fictitious names. Plaintiffs are informed and believes and thereon alleges that each of the Doe defendants is in some way legally responsible for the violations of law and injuries and harm caused as alleged herein. If and when appropriate, Plaintiffs will seek leave of court to amend this complaint when the true names and capacities of said defendants are known.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

28. On or about October 2016, Plaintiffs obtained an account with Vimeo for the purpose of hosting various videos, including videos addressing sexual orientation as it relates to religion.

29. During the past two years, Plaintiffs used Vimeo's video hosting service to publish approximately eighty-nine (89) videos. These videos captured various activities of Plaintiffs, including interviews, press conferences, pastors' briefings, and tours.

30. Church United originally created its account with a free basic membership. Once the account reached its maximum capacity, Church United upgraded to a Pro Account. A Pro Account requires a monthly fee and allows more features and bandwidth for uploads.

31. On or about November 23, 2018, the day after Thanksgiving, Defendant sent an email to James Domen informing him that a Vimeo moderator marked the account for review. Attached hereto as Exhibit "A" is a true and correct copy of this email.

32. The email explained that "Vimeo does not allow videos that promote Sexual Orientation Change Efforts (hereinafter, "SOCE")." In support of Vimeo's grounds for the alleged policy violation included but was not limited to five (5) cited videos "that espouse this theory."

33. The first video flagged for review was two minutes and thirty-six seconds long wherein James Domen briefly explained his life story, his preferred sexual orientation, the discrimination he faced, and his religion.

34. The second video flagged for review was a promotional video for Freedom March Los Angeles. Freedom March is a nationwide even where individuals like James Domen, who identify as former homosexuals, former lesbians, former transgenders, and former bisexuals assemble with other likeminded individuals.

35. The third video flagged for review was an NBC produced documentary segment titled, Left Field, which documented and addressed SOCE.

36. The fourth video flagged for review was a Press Conference with Andrew Comiskey, the founder of Desert Stream, relating to his religion and sexual orientation

37. The fifth video flagged for review was an interview with Luis Ruiz, a survivor of the horrific attack at the Pulse Nightclub in Florida in March 2018. Plaintiffs are informed and believe that Pulse Nightclub was a nightclub for individuals who identify as homosexual. In the video, Luis Ruiz shares his background as a former homosexual and his experience as a survivor of the attack.

38. On or about December 6, 2018, Vimeo terminated Church United's account because those five videos allegedly violated the following Vimeo guideline: "Vimeo does not allow videos that harass, incite hatred, or include discriminatory or defamatory speech." The Vimeo guideline is attached hereto as Exhibit "B."

39. These five (5) videos centered on Church United's Christian principles and James Domen's sexual orientation as a former homosexual.

40. Specifically, the videos involved an effort by Church United to challenge California Assembly Bill 2943 (hereinafter "AB 2943"), which aimed to expand California's existing prohibition on SOCE.

41. AB 2943 was eventually pulled by its author, Assembly Member Evan Low, because of the vocal opposition of organizations like Church United and personal testimonies of former homosexuals like James Domen.

42. Neither those five (5) videos regarding AB 2943, nor any of Church United's eighty-nine (89) videos, harass, incite hatred, or include discriminatory or defamatory speech. Plaintiffs are informed, believe, and thereupon allege that Church United's account was deleted in an effort to censor James Domen from speaking about his preferred sexual orientation and his religious beliefs.

43. Plaintiffs are informed, believe, and thereupon allege that Vimeo allows similar videos relating to sexual orientation, including but not limited to videos from GLSEN, Inc., which advocate for lesbian, gay, bisexual, transgender, queer and questioning ("LGBTQ") students who are bullied or discriminated against.

44. Plaintiffs are informed, believe, and thereupon allege that Vimeo allows similar stories and testimonials from individuals relating to their sexual orientation including: "LGBTQ barber in NYC", "LGBTQ Asian American San Gabriel Valley Stories", "Happy Pride! LGBTQ Pride Month 2016" and the like.

45. Vimeo did not provide Plaintiffs with an explanation for the distinction between Church United's videos relating to sexual orientation, testimonials, events relating to sexual orientation, and the thousands of similar videos related to LGBTQ and sexual orientation.

46. Plaintiffs are informed, believe, and thereupon allege that the violation of Vimeo guidelines was merely a pretext to justify restricting and censoring Church United and James Domen's videos.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Against Vimeo; and DOES 1 through 25, inclusive.**

**(Free Speech Claim under Article I, Section 2 of the California Constitution)**

47. Plaintiffs incorporate by reference all the above paragraphs as if each were fully alleged herein.

48. Article I, Section 2 of the California Constitution protects individual's liberty of speech and association in public, quasi-public, and limited public spaces.

49. Vimeo created an online public forum, or the equivalent of a public forum, when it created the website, Vimeo.com.

50. Vimeo.com is similar to a public forum because it solicits views from the general public. Furthermore, Vimeo hosts millions of videos which encourage creativity, speech, and freedom of expression.

51. Plaintiffs are informed, believe, and thereupon allege that Vimeo created the website to establish an avenue for filmmakers to share their artistic creations with friends. Vimeo is open to the public and allows users to engage in a variety of activities including, but not limited to, political advocacy.

52. Vimeo created the modern day equivalent of a town square, which provides individuals with a forum to express their ideas. Vimeo's act of deleting accounts based on their viewpoints or expression is the modern day equivalent of removing an individual from a shopping center.

53. Plaintiffs are informed, believe, and thereupon allege that Vimeo is a public forum and subject to the California Constitution which mandates a viewpoint neutral regulation of speech in public forums.

54. Vimeo is akin to a state actor because it attempts to moderate and regulate freedom of expression in public forums. Vimeo should be held to the same standard as a state actor in its regulation of speech. Speech regulations by Vimeo must be viewpoint neutral, and cannot unreasonably or discriminatorily exclude, regulate, or restrict Plaintiffs' speech and expression under the Liberty of Speech Clause.

55. James Domen uses these videos to share his personal story and his experience as a former homosexual, his preferred sexual orientation.

56. Church United seeks to engage in religious expression relating to important public policy issues that affect Christians, especially pastors.

57. Plaintiffs are informed, believe, and thereupon allege that Vimeo deleted Church United's account based on Vimeo's subjective perception of Christianity and sexual orientation.

58. Plaintiffs are further informed, believe, and thereupon allege that Vimeo deleted Church United's account because of Vimeo's subjective belief that one may not change their sexual orientation. Specifically, Vimeo's acts were premised on their

discriminatory belief that James Domen preferred identification as a former homosexual is harmful, fraudulent, and culturally inacceptable.

59. Plaintiffs are informed, believe, and thereupon allege that Vimeo's acts are a restriction of Plaintiffs' speech and expressive rights as guaranteed under Article I, Section 2 of the California Constitution.

60. Plaintiffs are informed, believe, and thereupon allege that Vimeo has restricted Church United's videos discussing sexual orientation while refusing to censor similar content discussing sexual orientation.

61. Vimeo's act of censoring Plaintiffs through the deletion of Church United's Vimeo account amounts to a violation of Plaintiffs' rights to free speech under the California Constitution. Vimeo's actions effectively prevent potential viewers from accessing these videos discussing sexual orientation.

62. Vimeo has no compelling, significant, or legitimate reason which could justify its actions in this matter. Even if such an interest existed, Vimeo would bear the burden of demonstrating that its policies are narrowly or reasonably tailored to further their interest. Vimeo's policy is not reasonably tailored to any such articulable interest. Due to Vimeo's selective restrictions of allowed content, Plaintiffs are unable to post videos or access their previous audience.

63. Plaintiffs' are informed and believe that Vimeo's actions were taken solely for the purpose of harassment, censorship, oppression, and malice. Such actions were carried out through Vimeo's staff pursuant to subjective and discriminatory beliefs regarding sexual orientation and religion. Moreover, Vimeo's actions were taken with the intent of depriving Plaintiffs' of the ability to exercise their speech and expression under the California Constitution.

64. Plaintiffs incurred a direct and proximate harm due to Vimeo's actions in this matter. Plaintiffs respectfully request that this court grant the relief set forth in the prayer for relief.

**SECOND CAUSE OF ACTION**

**Against Vimeo; and DOES 1 through 25, inclusive.**

**(Free Speech Claim under Amendment I to the United States Constitution)**

65. Plaintiffs incorporate by reference all the above paragraphs as if each were fully alleged herein.

66. Plaintiffs are informed, believe, and thereupon allege that Defendants violated Plaintiffs' right to freedom of speech by censoring and ultimately removing Church United's Vimeo account amounting to an unlawful and discriminatory enforcement of impermissible restrictions which are not applied in a content neutral manner.

67. Vimeo created the modern day equivalent of a town square, which provides individuals with a forum to express their ideas. Vimeo's act of deleting accounts based on their viewpoints or expression is the modern day equivalent of removing an individual from a shopping center.

68. Plaintiffs' are informed, believe, and thereupon allege that Vimeo is a public forum and subject to the United States Constitution which mandates a viewpoint neutral regulation of speech in public forums.

69. Vimeo is akin to a state actor because it attempts to moderate and regulate freedom of expression in public forums. Vimeo should be held to the same standard as the states in its regulation of speech. Speech regulations by Vimeo must be viewpoint neutral, and cannot unreasonably or discriminatorily exclude, regulate, or restrict Plaintiffs' speech and expression.

70. Vimeo's actions on November 23, 2018, failed to apply its policy in a content neutral manner where Vimeo censored and removed Church United's videos relating to sexual orientation despite the fact that Vimeo allows thousands of similar videos relating to sexual orientation its website.

71. Plaintiffs are informed and believe that Vimeo's actions were taken solely for the purpose of depriving Plaintiffs' of the ability to exercise their speech and expression under the United States Constitution.

72. As a direct and proximate result of Vimeo's actions, Plaintiffs' rights under the First Amendment to the United States Constitution were violated. Plaintiffs respectfully request that this court grant the relief set forth in the prayer for relief.

**THIRD CAUSE OF ACTION**

**Against Vimeo; and DOES 1 through 25, inclusive.**

**(Unruh Act)**

73. Plaintiffs incorporate by reference all the above paragraphs as if each were fully alleged herein.

74. Vimeo's business qualifies as a business establishment under the Unruh Civil Rights Act where Vimeo grants individuals unrestricted access to its website, Vimeo.com, for the purposes of expression and political speech. The purpose of Vimeo's business is to provide an avenue for individuals and creators to share their expressions with others.

75. Vimeo's failure to apply and enforce its policies in a viewpoint neutral matter amounts to a pattern and practice of intentional discrimination in the provision of Vimeo's services based on their subjective and discriminatory beliefs relating to religion and sexual orientation. Vimeo intentionally deprived Church United from its freedom of speech by its unreasonable censorship based upon Vimeo's interpretation of James Domen's preferred sexual orientation and identity.

76. Plaintiffs are informed, believe, and thereupon allege Vimeo's acts effectively deprived Plaintiffs of the full and equal accommodations, advantages, privileges, and services by deleting Church United's Vimeo account based on Vimeo's discriminatory beliefs.

77. Plaintiffs are informed and believe that Vimeo's actions were taken solely for the purpose of harassment, censorship, oppression, and malice. Such

actions were carried out through Vimeo's staff pursuant to discriminatory and narrow minded beliefs regarding sexual orientation and identity.

78. Plaintiffs are informed, believe, and thereupon allege that Vimeo failed to act in good faith when it refused to address Church United's concerns or engage in a progressive conversation relating to James Domen's sexuality.

79. Plaintiffs incurred a direct and proximate harm due to Vimeo's actions in this matter.

80. Vimeo's violation of the Unruh Act entitles Plaintiff to recover statutory damages of up to three times the amount of actual damages. Plaintiff incurred substantial damages due to the loss of its viewer base in an amount to be proven at trial, and in no event less than a minimum of $75,000.00. Plaintiffs request that the court grant the relief set forth in the prayer for relief.

**PRAYER FOR RELIEF**

On their foregoing causes of action, Plaintiffs respectfully request the court to grant the following relief:

A. For monetary damages, general and special, but in no event less than $75,000.00 exclusive of costs and interests.

B. An award to Plaintiffs of statutory damages, in an amount not less than $4,000 for each of the instances Plaintiffs encountered a violation of the Unruh Act, pursuant to *Civil Code* section 52(a).

C. For a declaratory judgment that Vimeo violated Plaintiffs' rights under Article I, Section 2 of the California Constitution, the First Amendment of the United States Constitution, and the Unruh Act.

D. For an injunction requiring Vimeo to reinstate Church United's account with the approximately eighty-nine (89) videos that were on the account.

D. For attorney's fees and costs pursuant to *42 U.S.C.* section 1988 as Plaintiffs' were forced to seek private counsel in order to vindicate their legal rights under the California and United States constitutions. In the alternative, attorney's fees

according to proof, pursuant to *Civil Code* section 52, or *Code of Civil Procedure* section 1021.5, or *42 U.S.C.* section 1988, or other applicable law.

F. For such other and further relief as this court deems just and proper.

DATED: June 25, 2019 TYLER & BURSCH, LLP

By: /s/ Nada N. Higuera
Nada N. Higuera, Esq.
Attorney for James Domen and Church United